Dear Dr. Frank:
This is in response to your request for an official opinion from this office which poses the following question:
 "Does the anti-nepotism statute (Section 172.310) prohibit the employment by Lincoln University of the spouse of the President of the University assuming that the President has no function in her being hired or fired."
Your question involves not only an interpretation of the section of the revised statutes of Missouri cited in your question, but more fundamentally involves a provision found in Article VII, Section 6 of the Missouri Constitution on the same subject, which states as follows:
 "Any public officer or employee in this state who, by virtue of his office or employment, names or appoints to public office or employment, any relative within the 4th degree, by consanguinity or affinity, shall thereby forfeit his office or employment."
To answer your question, it must first be determined what individual or individuals have legal authority to "hire and fire" the faculty and staff of Lincoln University. To do this, it is first necessary to briefly examine the statutory provisions relating to Lincoln University.
Lincoln University was established and operates in accordance with the provisions of Chapter 175 RSMo 1978. Section 175.040
RSMo 1978, sets forth the power and authority of the governing body of the university known as the Board of Curators. That provision provides:
 "It is hereby provided that the Board of Curators of the Lincoln University shall organize after the manner of the Board of Curators of the State University of Missouri; it is further provided, that the powers, authority, responsibilities, privileges, immunities, liabilities and compensation of the Board of Curators of the Lincoln University shall be the same as those prescribed by statute for the Board of Curators of the State University of Missouri, except as stated in this chapter."
As is readily apparent, the Board of Curators of Lincoln University literally "stands in the shoes" of the Board of Curators of the University of Missouri. Therefore, we must look at the statutory powers of the University of Missouri Board of Curators. These powers are found in Chapter 172 RSMo 1978. More specifically, Section 172.300 RSMo 1978, makes provision for the employment of faculty and employees of the University. This section provides in part:
 "The curators may appoint and remove, at discretion, the president, deans, professors, instructors and other employees of the university; define and assign their powers and duties, and fix their compensation, . . ."
This provision is extremely broad in its scope. However, it is very clear from the wording that the Board of Curators of the University of Missouri, and therefore of Lincoln University, have the authority to employ and remove all personnel. Further, the Board has the power to define specific duties and functions for its employees, including the president of the University. It must be noted further that there are no exceptions to the powers of the Board of Curators of Lincoln University as provided in Chapter 175 RSMo 1978.
It is our understanding that neither the president nor any other officer or employee of the University has been given general authority to hire or fire employees of the University. It follows, therefore, that the Board of Curators has completely retained this power for itself. It then follows logically that the Board of Curators as a legal entity has the sole power and responsibility for hiring and firing any and all employees of Lincoln University.
Although this opinion is responding to your question in terms of the constitutional prohibition against nepotism, our response will be couched also in terms of the Section 172.310, which is simply an extension of Article VII, Section 6, of the Missouri Constitution. section 172.310 RSMo 1978 provides as follows:
 "No person who is related by blood or marriage to any member of the Board of Curators of the University shall be appointed to any position in the University as officer, member of any faculty or employee."
Assuming that this section applies equally to Lincoln University as to the University of Missouri, it is our conclusion that the hiring of the spouse of the President of Lincoln University does not violate either this statute or the constitutional provisions found in Article VII, section 6, of the Missouri Constitution, assuming that the President and his spouse are not related to any member of the Board of Curators. This conclusion is based on the fact that the President of Lincoln University does not have the legal authority to hire or fire employees, but that the same resides in the duly constituted Lincoln University Board of Curators.
CONCLUSION
Therefore, it is the opinion of this office that neither the anti-nepotism statute, Section 172.310 RSMo 1978, nor the anti-nepotism provision found in Article VII, Section 6, of the Missouri Constitution, prohibit the employment by Lincoln University of the spouse of the President of the University.
Very truly yours,
 John Ashcroft Attorney General